**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**COVINGTON**

**CIVIL ACTION NO. 06-50-DLB**

**ROGER FOSTER**                                                                  **PLAINTIFF**

**VS.**                                        **MEMORANDUM ORDER**

**HERITAGE MANAGEMENT**                                        **DEFENDANTS**
**GROUP LLC, ET AL**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

On March 8, 2006, Plaintiff commenced this action for wrongful denial of benefits
and breach of fiduciary duty, in violation of ERISA and state law.  Plaintiff also alleges
separate violations of COBRA, 29 U.S.C. § 1161 *et seq.*, and the HIPAA provisions of
ERISA, 29 U.S.C. § 1181 *et seq.*

This matter is presently before the Court upon Defendant Community Insurance
Company d/b/a Anthem Blue Cross and Blue Shield's motion to dismiss Plaintiff's state law
and COBRA claims, and jury demand (Doc. #9).  Plaintiff filed a response (Doc. #16), to
which Defendant replied (Doc. #19).  The motion is, therefore, ripe for review.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The following facts, which have been gleaned solely from Plaintiff's complaint, must
be accepted as true for purposes of adjudicating Defendant Community Insurance
Company's motion to dismiss.  Plaintiff was employed at the Watertown Yacht Club in
Dayton, Campbell County, Kentucky from sometime prior to July 1, 2003 until May or June
2004.  According to Plaintiff, he was employed Defendants Heritage Management Group,
LLC, Heritage Management Group, Inc., Midwest Heritage Management, and Cross &

1

Associates.  While he was so employed, Plaintiff participated in a group health plan maintained by his employer(s) and insured by Defendant Anthem.

On or about May 2, 2004, Plaintiff sustained an injury and was hospitalized for several weeks.  According to Plaintiff, the injury was disabling (i.e., precluding his return to work).  (Doc. #1, p.3, ¶10).  Thereafter, Plaintiff received several letters from his employer(s) regarding his health coverage.  On May 25, 2004, Plaintiff received a letter stating that his coverage terminated on April 30, 2004 due to the "end of [his] employment," but he could elect to continue it by paying a premium of $251.61 per month.  Plaintiff received another letter the following day, demanding payment of $333.98 by June 1, 2004 in order to continue coverage.  On June 4, Defendant Anthem issued a "certificate of creditable health coverage," indicating that Plaintiff's coverage ended May 31, 2004.  On June 18, Plaintiff delivered a money order in the amount of $251.61 to his employers.

Subsequently, on November 18, 2004, Defendant Cross & Associates sent Plaintiff a letter stating that: 1) his coverage terminated effective midnight September 30, 2004, and 2) any claims submitted prior to that date would be processed accordingly.  Plaintiff claims that despite these representations, and the fact that he paid the required premiums, "none of [his] claims under the Plan have been paid by the Employer or by Anthem."  (Doc. #1, p.4, ¶ 16).

On April 28, 2006, Anthem filed a motion to dismiss Plaintiff's state law claims for breach of contract, fraud, negligence, unfair and deceptive trade practices, promissory estoppel, declaratory judgment, and punitive and compensatory damages, arguing that they are preempted by ERISA.  Anthem also argues that Plaintiff's request for a trial by jury must be denied, as there is no such right under ERISA.  Finally, Anthem moves for

dismissal of Plaintiff's COBRA claims, claiming that it had no duty to provide Plaintiff with notice of his right to continued coverage.  Rather, Anthem claims that, as explained in its "Group Administration Manual," it was the employer's responsibility to notify employees of COBRA eligibility, if applicable.  In his response, Plaintiff concedes that his state law claims are preempted by ERISA, and that it is well settled that there is no right to a jury trial on ERISA claims for recovery of benefits or breach of fiduciary duty.  Plaintiff argues, however, that "[w]hether Anthem had any COBRA obligations is a question of fact ...."  (Doc. #16, p.4).

## II.  ANALYSIS

### A.    Rule 12 Standard

A motion to dismiss may only be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him/her to relief.  *Ang v. Procter & Gamble Co.,* 932 F.2d 540, 544 (6th Cir. 1991) citing *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).  For purposes of a motion to dismiss, "all allegations in the complaint must be taken as true and construed in a light most favorable to the nonmovant."  *Ang,* 932 F.2d at 544.  While the Court must accept the plaintiff's factual allegations as true, it need not accept as true legal conclusions or unwarranted factual inferences.  *Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405 (6th Cir. 1998) *quoting Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

### B.    Discussion

Contrary to Plaintiff's suggestion, whether Anthem had any obligation under COBRA to notify him of his continuation rights is not a question of fact, but rather is a question of

3

law.   For example, COBRA requires group health plan sponsors to notify qualified

beneficiaries of their right to continued coverage -

> The plan sponsor of each group health plan shall provide, in accordance with
> this part, that each qualified beneficiary who would lose coverage under the
> plan as a result of a qualifying event is entitled, under the plan, to elect,
> within the election period, continuation coverage under the plan.

29 U.S.C. § 1161(a).   Similarly, 29 U.S.C. § 1166(a)(4) obligates a plan administrator to

notify a qualified beneficiary of his rights under COBRA.   The problem in this case is that

the roles of the various parties have not been defined; in fact, it is unclear at this point who

is the plan sponsor, and who is the plan administrator.

Equally unclear is the basis of Plaintiff's COBRA claim.   In his complaint, Plaintiff

states, "[t]he actions of the defendants interfered with the attainment of [his] right to such

continuation of coverage to which [he] was entitled ... pursuant to 29 U.S.C. § 1161 *et seq.*

and 29 U.S.C. § 1182."   (Doc. #1, p.5, ¶19).   He also alleges that "[t]he actions of the

defendants violated [his] right to proper notice of his rights and to the benefit of the time

periods provided pursuant to [COBRA] ...."   (*Id*. ¶20).   At the same time, however, Plaintiff

claims that while he was employed by Defendants, he paid his premiums via payroll

deductions and thereafter, through COBRA.   (*Id*. ¶7).

Therefore, based upon the record currently before the Court, Defendant Anthem's

motion to dismiss is **denied without prejudice** as to Plaintiff's COBRA claims, and

**granted** with respect to Plaintiff's request for a jury demand, and state law claims based

upon ERISA preemption.

### III.  CONCLUSION

Accordingly, **IT IS ORDERED** that:

(1)     Defendant Anthem's Motion to Dismiss (Doc. #9) be, and hereby is, **granted

in part, and denied in part**;

(2)     This matter is set for Docket Call on **September 28, 2006 at 9:00 a.m.**; and

(3)     The parties shall submit their Rule 26 Report of Planning Meeting **not later

than September 21, 2006**.

This 21st day of August, 2006.

Signed By:

_David L. Bunning_   $DB$

United States District Judge

G:\DATA\ORDERS\Cov06\06-50-MTDOrder.wpd